UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRSTIN RIDGWAY,<br><br>Plaintiff,<br><br>v.<br><br>SANDY PHILLIPS,<br><br>Defendant. | Case No. 18-cv-07822-HSG<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 7 |

On November 28, 2018, Plaintiff filed the present suit against Defendant Sandy Phillips in Sonoma County Superior Court. *See generally* Dkt. No. 1-1, Ex. A ("Compl."). Defendant removed the action to this Court on December 31, 2018. Defendant filed a motion to dismiss on January 7, 2019. Dkt. No. 7. To date, Plaintiff has failed to oppose the motion.

In general, an opposition must be filed and served "not more than 14 days after the motion was filed." L.R. 7-3(a). The Court interprets a failure to oppose a motion to dismiss as a concession that the original complaint should be dismissed. *See Marziano v. Cty of Marin*, No. C-10-2740 EMC, 2010 WL 38955258, at *4 (N.D. Cal. Oct. 4, 2010) (interpreting plaintiff's failure to oppose defendant's motion to dismiss as a concession that the claim at issue should be dismissed); *see also GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's argument as a concession of said argument).

//
//
//
//
//

Because Plaintiff failed to oppose Defendant's motion within the mandated period of 14 days, the Court may, in its discretion, dismiss this action. *See Marziano*, 2010 WL 38955258, at *4. The Court thus **ORDERS** Plaintiff to show cause by February 21, 2019 as to why this case should not be dismissed in light of Plaintiff's failure to oppose Defendant's motion.

**IT IS SO ORDERED.**

Dated: 2/14/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge