United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRSTIN RIDGWAY,<br><br>    Plaintiff,<br><br>v.<br><br>SANDY PHILLIPS,<br><br>    Defendant. | Case No. 18-cv-07822-HSG<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND BASED ON *FORUM NON CONVENIENS***<br><br>Re: Dkt. No. 7 |

Pending before the Court is the motion to dismiss the complaint for lack of personal jurisdiction and to dismiss based on *forum non conveniens* filed by Defendant Sandy Phillips. Dkt. No. 7-1 ("Mot"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court **DENIES** Defendant's motion to dismiss.

### I. FACTUAL BACKGROUND

Plaintiff Kirstin Ridgway is a citizen and resident of the state of California. Dkt. No. 1 at 3. Defendant Sandy Phillips is a citizen of the United Kingdom and domiciled in that country. *Id*. Ms. Phillips is the sole member and shareholder of Soley Performance Limited ("Soley"), a private limited company incorporated in England. Dkt. No. 7-2, Declaration of Sandy Phillips In Support of Motion to Dismiss Complaint ("Phillips Mot. Decl.") ¶ 4. Soley is domiciled in the United Kingdom. *Id*.

Plaintiff alleges that on or about April 16, 2016, Plaintiff agreed to purchase from Defendant two foals to be bred from Defendant's two horses, Riverdance and Lara. Dkt. No. 1-1, Ex. A ("Compl."), at 3. Plaintiff was to receive the two foals in exchange for "paying for the costs of two embryos and the expenses of care and breeding of the two mare horses during their pregnancy." *Id.* Lara was not able to produce an embryo for transfer, and in November 2016,

Plaintiff decided not to try for another embryo in 2017. Mot. at 6. On or about February 18, 2018, Defendant notified Plaintiff that she was selling the offspring of Riverdance to another buyer. Compl. at 3. Plaintiff alleges that she had paid Defendant more than $57,524.52 for the ownership of that foal. *Id.*

On November 28, 2018, Plaintiff brought an action in Sonoma County Superior Court for breach of contract and fraud against Defendant Phillips, individually and "doing business as" Soley. *Id.* at 1. Plaintiff seeks compensation of $57,524.52 plus 10% interest accruing from February 18, 2018, as well as punitive damages of $250,000. *Id.* at 2.

## II. PROCEDURAL BACKGROUND

On December 31, 2018, Defendant removed the action to this Court on the basis of diversity jurisdiction. Dkt. No. 1. On January 7, 2019, Defendant filed a motion to dismiss for lack of personal jurisdiction, and alternatively to dismiss based on the doctrine of *forum non conveniens*. *See* Mot. at 5. On February 21, 2019, Plaintiff opposed the motion to dismiss.[1] Dkt. No. 15 ("Opp."). On March 20, 2019, Defendant filed her reply. Dkt. No. 17 ("Reply").

## III. LEGAL STANDARD

### A. Rule 12(b)(2): Personal Jurisdiction

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (3d ed. 2018). The court may rest on the allegations in the pleadings, weigh the contents of affidavits

---

[1] Plaintiff failed to oppose the motion within the 14-day deadline. *See* Civil L.R. 7-3(a). On February 14, 2019, the Court ordered Plaintiff to show cause as to why the case should not be dismissed in light of Plaintiff's failure to timely oppose Defendant's motion. Dkt. No. 13. Plaintiff timely responded to the OSC on February 20, 2019, explaining that Plaintiff's counsel did not receive actual notice of the motion to dismiss because his email address on file with the Pacer/ECF system was incorrect. Dkt. No. 14 at 2. Therefore, counsel contended that he had not received electronic notifications of the pending motion. *Id.* Counsel has since taken steps to correct this error. *Id.* Because the Court finds that this appears to have been a good faith mistake, the Court will not penalize Plaintiff. However, Plaintiff's counsel will be required to strictly comply with all future deadlines.

2

and other evidence, or even hold a hearing and resort to oral testimony. *Id.* Where, as here, the motion is based on written materials rather than an evidentiary hearing, Plaintiff need only make a "prima facie showing of jurisdictional facts." *Bauman v. DaimlerChrysler*, 579 F.3d 1088, 1094 (9th Cir. 2009), *vacated on other grounds*, 603 F.3d 1141 (9th Cir. 2010) (quotations and citations omitted). "Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). A prima facie showing "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts." *Excel Plas, Inc. v. Sigmax Co., Ltd.*, No. 07-CV-578-IEG, 2007 WL 2853932 (S.D. Cal. Sept. 27, 2007) (citing 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (3rd ed. 2002)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotations and citations omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

**B.** ***Forum Non Conveniens***

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006). The doctrine of *forum non conveniens* is a "drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case." *Carijiano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). Therefore, the Ninth Circuit has treated *forum non conveniens* as "an exceptional tool to be employed sparingly," and not a "doctrine that compels plaintiffs to choose the optimal forum for their claim." *Id.* (quotations and citations omitted). The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal. *Id.* (citing *Tuazon*, 433 F.3d at 1181–82 ("Juries routinely address subjects that are totally foreign to them, ranging from the foreign language of patent disputes to cases involving foreign companies, foreign cultures and

3

foreign languages.")). Additionally, the plaintiff's choice of forum is entitled to deference and should not be disturbed "unless the private interest and public interest factors strongly favor dismissal. *Tuazon*, 433 F.3d at 1180 (quotations and citations omitted). A plaintiff need not select the optimal forum for his claim, only a forum that is not so "oppressi[ve] and vexatio[us]" as to be "out of proportion to plaintiff's convenience." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

**IV. DISCUSSION**

    **A. Soley is Not a Properly Named Defendant in this Case**

Plaintiff names Ms. Phillips as a defendant "individually and doing business as" Soley. Ms. Phillips contends that there is no personal jurisdiction over Soley because it "is not a defendant to this action." Mot. at 10. To the extent that Plaintiff is attempting to join Soley as a separate defendant, the Court agrees. The phrase "doing business as" is used when a corporation's operating name is different from its legal, registered name, including when an individual operates a sole proprietorship or partnership under a "fictitious" name. *See* Cal. Bus. & Prof. Code § 17900 (2014). Here, however, Ms. Phillips avers that Soley is a limited liability company formed under the laws of England. Phillips Mot. Decl. ¶ 4. In a limited liability company, the liability of the members is limited to the amount of their shares in the company and does not reach the members personally. *See id.* Although Ms. Phillips admits to being the "sole member and shareholder of Soley," *see id.*, Plaintiff does not present any evidence to refute the allegation that Soley is a separate limited liability company, nor does Plaintiff discuss the legal nature of Soley or its relationship with Ms. Phillips.[2] Therefore, to the extent that Plaintiff is attempting to assert a claim against Soley through the "doing business as" allegation, the Court agrees that Soley is not properly named as a defendant in this action.

    **B. Personal Jurisdiction: Tag Jurisdiction Exists Over Defendant**

A district court must dismiss any defendant over which it lacks personal jurisdiction. Fed.

---

[2] Although not alleged in the Complaint or addressed in Plaintiff's opposition, it appears that Plaintiff is attempting to bring an alter ego claim: specifically, that Soley is a fictional entity "that is nothing more than a sham and alter ego of individual Defendant Sandy Phillips." Dkt. No. 24 at 2. Because this theory is not pled in the Complaint, it will not be considered here.

4

R. Civ. P. 12(b)(2). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach,* 453 F.3d at 1154. Where no applicable federal statute authorizes personal jurisdiction, as here in this diversity action, a district court applies the law of the state where the court sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). In California, the long-arm statute extends jurisdiction to the limits of due process, so the resolution of the Court's jurisdiction turns on the federal due process analysis. *See Pebble Beach*, 453 F.3d at 1155. Due process requires that a nonresident defendant have sufficient "'minimum contacts' with the forum such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945)).

There are two categories of personal jurisdiction a plaintiff can invoke: general and specific. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). The Supreme Court has held that the "paradigm forums" for the exercise of general jurisdiction are an individual's domicile and a corporation's place of incorporation and principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014). This is in contrast to specific jurisdiction, which "exists when a case arises out of or relates to the defendant's contacts with the forum." *Ranza*, 793 F.3d at 1068 (quotations and citations omitted). It "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

In addition to general and specific jurisdiction, the Ninth Circuit continues to recognize "tag jurisdiction," the jurisdictional theory that "personal service upon a physically present defendant suffice[s] to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there." *Martinez v.*

*Aero Caribbean*, 764 F.3d 1062, 1067 (9th Cir. 2014) (citing *Burnham v. Superior Court*, 495 U.S. 604, 610 (1990)) (brackets in original). In *Burnham*, a New Jersey resident was personally served with a divorce petition while visiting his children in California. 495 U.S. at 608. Although no part of the divorce proceedings arose from the defendant's California contacts, the Supreme Court nevertheless held that California's courts could exercise personal jurisdiction over the defendant. *Id.* at 612. However, tag jurisdiction "exists only over natural persons who are physically present in a forum state." *Martinez*, 764 F.3d at 1068. It does not apply to corporations, even when there is service of process on a corporation's officer within the forum state. *Id*. at 1064.

Here, Plaintiff has met her burden of making a "prima facie showing of jurisdictional facts" by averring that Defendant was personally served in California while participating in an equestrian clinic. *See Bauman*, 579 F.3d at 1094; *see also* Dkt. No. 15-2, Declaration of Kirstin Ridgway in Support of Opposition to Motion to Dismiss Complaint ("Ridgway Decl.") ¶ 9; Dkt. No. 14-1 ¶ 4 (declaration by Plaintiff's counsel representing that he hired a process server to serve Ms. Phillips, and "Ms. Phillips was personally served on December 2, 2018, in San Luis Obispo, CA, while she was giving a riding clinic to paying customers."). The Court therefore can and does exercise personal jurisdiction over Defendant.

Defendant contends that exercising personal jurisdiction over her as an individual would be improper, because the alleged agreement underlying the dispute was made with Soley as an entity, not Ms. Phillips as an individual. Reply at 4. According to Defendant, Soley is the actual owner of the mares and foal at issue, and "all business dealings that Plaintiff complains of were conducted between Solely and Plaintiff." *Id.* However, it is not disputed that there was an agreed-upon arrangement under which Plaintiff would pay a fee in exchange for the foals of Lara and Riverdance. Phillips Mot. Decl. ¶ 6. Exactly who the parties to that arrangement were is a disputed question that goes to the merits. But for purposes of the present motion, the Court need only address whether it has personal jurisdiction over the single defendant named here, Ms. Phillips, in light of the uncontroverted allegations taken as true, and resolving conflicts in the parties' declarations in Plaintiff's favor. *See Schwarzenegger*, 374 F.3d at 800.

6

C.  *Forum Non Conveniens*

Defendant also moves to dismiss on the grounds of *forum non conveniens*. Mot. at 11–13. "A party moving to dismiss based on forum non conveniens bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). Because *forum non conveniens* is an "exceptional tool," the burden on Defendant is heavy, and the standard to be applied is whether "defendant[] [has] made a clear showing of facts which [ ] establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Ravelo*, 211 F.3d at 514.

### i.  Adequate Alterative Forum

First, Defendant contends that the United Kingdom is an adequate alternative forum because "there are courts of competent jurisdiction that can address the dispute alleged by Plaintiff." Mot. at 12. Generally, an alternative forum is deemed adequate if the defendant is amenable to service of process there and the forum provides "some remedy" for the wrong suffered by Plaintiff. *Tuazon*, 433 F.3d at 1178. In rare circumstances, a forum may be deemed inadequate where the remedy it offers is "clearly unsatisfactory." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 454 (1981)).

Here, Defendant is "amenable to service of process and resolution of this dispute in the appropriate tribunal in the United Kingdom." Phillips Mot. Decl. ¶ 21. As to the question of remedy provided, Defendant asserts that "[u]nquestionably, there are courts of competent jurisdiction [in the United Kingdom] that can address the dispute alleged by Plaintiff." Mot. at 12. But such a cursory conclusion without reference to any legal authority in the United Kingdom is insufficient to warrant dismissal. Although Defendant need only show that Plaintiff would not be completely deprived of a remedy in the alternative forum, Defendant has failed to provide any evidence that Plaintiff would have access to even "some remedy" in the United Kingdom. *See Tuazon*, 433 F.3d at 1178.

### ii.  The Private and Public Interest Factors Do Not Favor Dismissal

Regardless, even assuming that the United Kingdom is an adequate alternative forum, the

7

private and public interest factors here do not "strongly favor" dismissal so as to overcome the deference owed to Plaintiff's choice of forum. *Tuazon*, 433 F.3d at 1180. Private interest factors include (1) relative ease of access to sources of proof; (2) availability of witnesses; and (3) all other practical factors favoring an expeditious and inexpensive trial. *Lockman Foundation v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991). Public interest factors include "court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990).

### a. Private Factors

The Court finds that the private factors here counsel against dismissal. Defendant contends that adjudicating in this forum would be unreasonable because "Defendant travels to California infrequently at best." Reply at 7. Defendant further asserts that adjudication in the United Kingdom would be more appropriate because "all of the relevant physical evidence and witnesses (except for the Plaintiff) are located in the United Kingdom." Mot. at 12. Namely, "[a]ll breeding work and care for the subject horses was in the United Kingdom, and the veterinary and stud services were also provided in the United Kingdom." *Id.* In response, Plaintiff contends that litigating in the United Kingdom would be inappropriate because its court system is "inaccessible to Plaintiff who resides in California." Opp. at 8. Plaintiff alleges that she has "no ties to the United Kingdom," and argues that it would be "prohibitively expensive" to bring her case in the United Kingdom. *Id.* Plaintiff also contends that this forum is convenient to all parties because Defendant "travels frequently" to California, she retains her United States citizenship, and the alleged contract was formed and partially performed in California. *Id.*

The Court is not persuaded by Defendant's allegation that she travels to California "infrequently" at best, so as to make litigating in California vexatious and oppressive. *See Ravelo*, 211 F.3d at 514. Defendant, in her declaration in support of her Reply, concedes that "from time to time, [she] serve[s] as a judge or member of the ground jury at various FEI level three-day eventing shows in the State of California and conduct[s] dressage clinics in the State of California." Dkt. No. 17-1 ¶ 5. In 2018 alone, Defendant visited California three times, all for

8

equestrian-related purposes: twice to give riding lessons in San Luis Obispo and the Bay Area, and once to serve as a judge in a three-day eventing show in Paso Robles, California. *Id*. Viewed together, Defendant's own averments demonstrate that Defendant has availed herself of the benefits of doing business in California. Defendant's assertion that she has not visited California "at all in 2019, and has no plans to do so" in an attempt to prove that litigation here would impose an unreasonable burden is not compelling. *See* Reply at 9. Her efforts to minimize her relationship with the forum state *after* the filing of this action carry little weight.

In contrast, there is no evidence in the record to show that Plaintiff has taken any affirmative action to establish contacts with the United Kingdom. Neither party contends that Plaintiff has ever traveled to the United Kingdom in connection with the arrangement or equestrian-related activities, or that she performed any part of her obligations under the alleged agreement in the United Kingdom. Rather, Plaintiff maintains that she resides in California and has "no ties to the United Kingdom." Opp. at 8. Compared to the burden that defending herself in California would place on Defendant, the Court finds the burden that litigating in the United Kingdom would place on Plaintiff to be far greater.

Defendant also contends that litigating in this forum would be unreasonable because "all of the relevant physical evidence and witnesses (except for the Plaintiff) are located in the United Kingdom." Mot. at 12. But even assuming that all breeding work and other care for the horses did take place in the United Kingdom, Defendant does not show how proximity to potential witnesses and evidence related to such upkeep services is necessary to resolve the present dispute. Defendant contends that Plaintiff has failed to pay for certain upkeep services of the horses, Mot. at 6–7, but the Court cannot infer at this juncture that evidence regarding those services is central to the efficient resolution of Plaintiff's actual claims. Plaintiff only seeks to recover her payments made to Defendant pursuant to the alleged agreement. Compl. at 3. She contends that the foal to be purchased with those payments was never delivered as promised, and that Defendant failed to refund the money. Opp. at 3–4. Nowhere in her pleadings does Plaintiff dispute the specific amounts invoiced for breeding work and other care of the horses, and therefore evidence regarding the upkeep issues does not appear crucial to Plaintiff's claims.

### b. Public Interest Factors

As to the public interest factors, Defendant contends that the public interest would be served by having the case adjudicated in the United Kingdom because the United Kingdom has an interest in resolving a dispute that "involves the breeding and care of horses located within its borders." Mot. at 13. But Defendant's brief and unsupported assertion that the United Kingdom has an interest in resolving this dispute is insufficient to warrant dismissal. *See* Mot. at 13. Just as the United Kingdom might have an interest in resolving disputes regarding activity within its borders, California also has an interest in resolving disputes regarding California residents and transactions allegedly made in California and likely to be governed by California law. This is not a case like *Chateau Des Charmes Wines,* where the district court dismissed a breach of contract action between two foreign companies because the evidence that California residents "were involved in the events that gave rise to the lawsuit was relatively minimal," and the case lacked any "significant connection with California." *Chateau Des Charmes Wines, Ltd. v. Sabate USA, Inc.*, No. C-01-4203 MMC, 2003 WL 22682483, *3–4 (N.D. Cal. Nov. 10, 2003). Here, Plaintiff is a resident of California, and alleges that the agreement at issue was formed and partially performed in California. *See also Tuazon*, 433 F.3d at 1181–82 (mere fact that a case involves conduct or parties from overseas is not enough for dismissal).

### c. California is Not an Inconvenient Forum

It is clear from the record that this case ultimately should be adjudicated in either California or the United Kingdom. Whichever of these two forums is chosen, it is inevitable that one of the parties must bear the burden of traveling to and defending in a foreign forum. Under the *forum non conveniens* analysis, Plaintiff's choice of forum is entitled to deference, and Defendant has not sufficiently demonstrated that the private and public interest factors "strongly favor dismissal." *See Tuazon*, 433 F.3d at 1180. Considering Plaintiff's lack of contacts with the United Kingdom, and Defendant's more regular contact with California and the affirmative steps she has allegedly taken to do business with a California resident while in California, the Court finds that Defendant has not met her heavy burden of making a "clear showing" that litigating in this forum is so "oppressi[ve] and vexatio[us]" as to be "out of proportion to plaintiff's

10

convenience." *See Ravelo*, 211 F.3d at 514.  Instead, the Court thinks it would be too convenient for Defendant to reap the benefits of engaging in at least some business in California over a period of years, only to plead inconvenience when sued in a California court based on Plaintiff's claim that Defendant conducted such business in this case.  Of course, whose version of events will prove to be correct is a hotly-disputed merits question, but the Court does not need to pick a side in that dispute to resolve the *forum non conveniens* motion before it.

## V. CONCLUSION

The Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction and based on *forum non conveniens*.  The Court **SETS** a case management conference for May 7, 2019 at 2:00 p.m.  The Court **DIRECTS** the parties to file on or before April 30, 2019 a revised joint case management statement including a proposed case schedule through trial.  The parties are directed to review and comply with this Court's Civil Pretrial and Trial Standing Order.

**IT IS SO ORDERED.**

Dated: 4/18/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge